J-S58014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN JAMES SMITH | : | |
| | : | |
| Appellant | : | No. 299 WDA 2019 |

Appeal from the PCRA Order Entered January 28, 2019
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001379-2015

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED DECEMBER 20, 2019**

Brian James Smith appeals, *pro se*, from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Smith's petition is facially untimely, and he has failed to plead and prove any of the statutory exceptions to the PCRA time-bar. Therefore, the PCRA court rightfully dismissed the petition. Accordingly, we affirm.

In April of 2015[1], Smith was caught on surveillance camera at a McDonald's restaurant passing a note to the cashier in which he demanded money from the register and threatened to stab the cashier with a knife, which he was carrying.

---

[1] Smith was on parole at the time of the instant offense for a separate offense in South Carolina.

On September 1, 2015, Smith plead guilty to one count each of criminal attempt of robbery, terroristic threats, and possessing instruments of crime ("PIC"). On October 13, 2015, a hearing was held at which Smith was scheduled to be sentenced. However, prior to sentencing Smith filed a motion to withdraw his guilty plea. Due to the pending motion, sentencing was deferred and a pre-sentence investigation ("PSI") report was ordered.

On November 13, 2015, the court denied Smith's motion to withdraw guilty plea. Smith was sentenced to sixty-nine to one-hundred and fourteen month's incarceration for criminal attempt of robbery, thirty to sixty months' incarceration for terroristic threats, and twenty-one to sixty month's incarceration for PIC. All sentences were ordered to run concurrently. No post-sentence motions or direct appeal was filed.

On October 24, 2016, Smith filed, *pro se*, his first PCRA petition alleging his trial counsel was ineffective for failing to investigate his case and misleading him into taking a plea, and his sentence was excessive considering nothing was taken and no one was hurt. Counsel was appointed who subsequently filed a petition to withdraw along with a no-merit letter pursuant to **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006).[2] Based on

---

[2] The record reflects counsel was appointed to represent Smith during the pendency of his first PCRA proceedings, and clearly attempted to withdraw from that representation. However, there is no indication in the record before us that defense counsel was ever formally permitted to withdraw. Nevertheless, we find this issue moot. The right to representation for a first

the allegations made by counsel in the no-merit letter, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.A.P. 907 and subsequently dismissed the petition.

On September 6, 2018,[3] Smith filed a "Motion to Modify and Reduce Sentence", contending the court erred by deviating from the standard sentencing range and failing to provide adequate reasons for the deviation on the record. The court interpreted this motion as a second PCRA petition. **See** **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition").[4] The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 and subsequently dismissed the petition, finding it untimely and finding Smith had failed to raise any meritorious claims. This timely appeal followed.

_____

PCRA petition extends only throughout the appeals process. **See** Pa.R.Crim.P. 904(F)(2). Since no appeal was taken from the order dismissing Smith's first PCRA petition, the order became final as a matter of law on March 6, 2018. **See** Pa.R.A.P. § 903(a). Therefore, counsel's representation ceased upon termination of the appeal process.

[3] Smith's petition was time-stamped and docketed on January 28, 2019, *after* the PCRA court issued its Rule 907 Notice. The PCRA court determined that the petition was filed on September 6, 2018, pursuant to the prisoner mailbox rule. **See** Rule 907 Notice, 12/4/2018, at 2 n.1.

[4] On appeal, Smith does not challenge the court's determination that his motion was a petition under the PCRA.

Prior to reaching the merits of Smith's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Since Smith did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on December 13, 2015, when his time for seeking direct review with this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). The instant petition – filed almost three years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Smith's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Smith has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Smith failed to make any attempt to plead an exception. **See** Motion to Modify and

Reduce Sentence, filed 9/6/2018. Accordingly, we affirm the PCRA court's order denying Smith's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2019